IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:18-cv-00652 |
| v. ) | Judge Campbell / Frensley |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 22. Plaintiff has filed an accompanying Memorandum. Docket No. 23. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 24. Plaintiff has filed a Reply. Docket No. 25.

For the reasons stated below, the undersigned recommends that this action be REMANDED.

**I. INTRODUCTION**

Plaintiff filed his application for Disability Insurance Benefits ("DIB") on August 27, 2014[1], alleging that he had been disabled since September 18, 2006, due to a right knee injury at work and use of cane, "osteomyelitis in right knee," bipolar disorder, left heel pain, "9 knee surgeries- still in pain," "left knee pain- weight shifted had left knee surgery, "[r]ight knee pain,"

---

[1] Plaintiff's application has a protective filing date of July 25, 2014.

1

"[b]ack pain- due to nerve pain from right knee," and "[p]ain was so bad - went to Dr. to check out." *See, e.g.,* Docket No. 16, Attachment ("TR"), pp. 177-83, 198. Plaintiff's application was denied both initially (TR 96) and upon reconsideration (TR 109). Plaintiff subsequently requested (TR 129) and received (TR 47-80) a hearing. Plaintiff's hearing was conducted on September 22, 2016, by Administrative Law Judge ("ALJ") Alfred M. Smith. TR 47. Plaintiff and vocational expert ("VE"), Silvio Reyes, Ph.D., appeared and testified. *Id.*

On February 8, 2017, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 28-46. Specifically, the ALJ made the following findings of fact:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2011.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 18, 2006 through his date of last insured of December 31, 2011 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairment: disorder of the knee with residuals from multiple knee surgeries (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant may have had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours total in an eight-hour workday; sit six hours total in an eight-hour workday; never kneel, crouch or crawl; occasionally climb ramps/stairs; and required a cane to ambulate.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was 37 years old on the date last insured, which is defined as a younger individual age 18-44 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the dated last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 2006, the alleged onset date, through December 31, 2011, the date last insured (20 CFR 404.1520(g)).

TR 33-41.

On March 24, 2017, Plaintiff timely filed a request for review of the hearing decision. TR 175. On May 17, 2018, the Appeals Council issued a letter declining to review the case (TR 1-4), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389, *citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). If the

4

Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

5

(3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent.[2] If a listing is met or equaled, benefits are owing without further inquiry.

(4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.

(5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.* 20 CFR §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F.2d at 1181; 20 CFR § 404, Subpt. P, App. 2, Rule 200.00(e)(1), (2); *see also Damron v. Sec'y of Health & Human Servs.*, 778 F.2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is

---

[2] The Listing of Impairments is found at 20 CFR § 404, Subpt. P, App. 1.

6

typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ: (1) "failed to address evidence supportive of [Plaintiff's] claim for disability because it was created after [Plaintiff's] date last insured"; (2) "erred in finding that [Plaintiff] 'probably' met the criteria of the listings but failing to consult with a medical expert to determine onset date or issue a favorable decision"; (3) "erred in his finding that [Plaintiff's] bipolar disorder/mental impairment was a non-medically determinable impairment"; and (4) "erred in his evaluation of [Plaintiff's] credibility and pain." Docket No. 23. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and

7

immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

1. **ALJ's Development of the Record**

The duty of the ALJ is to "fully and fairly develop the administrative record," and where the evidence suggests that a claimant may well meet a listed impairment, the ALJ must develop the evidence in order to determine whether or not the listing is met. *Johnson v. Secretary*, 794 F.2d 1106, 1111 (6th Cir. 1986). In doing so, the ALJ must identify the reasons and basis for crediting or rejecting certain items of evidence (*see, e.g., Morehead Marine Services v. Washnock*, 135 F.3d 366, 375 (6th Cir. 1998); *Hurst*, 753 F.2d at 519), as there can be no meaningful judicial review without an adequate explanation of the factual and legal basis for the ALJ's decision (*Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (1991)).

After reviewing the decision of the ALJ in the instant action, the parties' briefs, and the evidence of Record, the ALJ's decision fails to discuss some evidence and contains assertions that are inconsistent with the Record as a whole. For example, the ALJ found:

> Through the date last insured, the claimant may have had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

TR 34.

In so finding, the ALJ explained:

> The claimant probably did meet the criteria of these listings. However, the claimant's alleged onset date of September 19, 2006 with a date last insured of December 31, 2011, are remote. There is also no evidence in 2011 and no evidence until August 2014.

8

> Even if a closed period of disability is considered during this
> applicable timeframe, onset must be within 14 months of
> adjudication and that time is elapsed, even if the prior application
> is reopened.

*Id*.

Although the ALJ stated that there was "no evidence in 2011 and no evidence until August 2014,"[3] the Record contains 130 pages of Workers Compensation/Public Disability Benefits Evidence from Samantha Hoevel dated June 8, 2009 through September 17, 2014 (TR 242-371); 98 pages of Workers Compensation/Public Disability Benefits Evidence from Dean Geroulis dated November 13, 2009 through September 17, 2014 (TR 372-469); and 70 pages of Workers Compensation/Public Disability Benefits Evidence from Susan Entenberg dated October 5, 2012 through January 22, 2015 (TR 470-539). The ALJ's decision does not meaningfully discuss, evaluate, or weigh these records. Accordingly, the undersigned cannot determine whether the ALJ properly considered them.

Additionally, the ALJ's decision does not make clear the ALJ's evaluation of, *inter alia*, when Plaintiff "probably" met the listings, when Plaintiff would have stopped meeting the listing criteria, whether Plaintiff's medical conditions that "may have" or "probably" met the criteria of those listings continued after Plaintiff's date last insured through the date of Plaintiff's

---

[3] As apparent support for this statement, the ALJ noted:
> State agency medical consultant, Robert Weisberg (no professional status
> annotated) at the reconsideration level (Ex. 3A), noted the remote alleged onset
> date (September 18, 2006) and remote date last insured (December 31, 2011),
> reviewed the file and stated there is no evidence in 2011. Therefore, he concluded
> that there is insufficient evidence to assess claimant's function prior to the date
> last insured. He also stated (as discussed above) "Even if we could consider a
> "closed period" of disability, onset must be within 14months [*sic*] of adjudication
> and that time is elapsed, even if we reopened the prior decision." The undersigned
> acknowledges that this time has indeed elapsed.

TR 39-40.

application, or whether it was necessary to seek further medical records or medical expert opinion to so determine. Moreover, the ALJ's decision does not demonstrate whether he considered evidence created after Plaintiff's date last insured and determined that such evidence did not relate back or whether the ALJ outright dismissed evidence created after Plaintiff's date last insured simply on that basis. Accordingly, there can be no meaningful review of the ALJ's evaluation of this evidence.

Furthermore, although the ALJ found that "there is no evidence of any mental health treatment during the remote period in question and/or prior to the date last insured" (TR 33), treatment notes in the record demonstrate that Plaintiff had repeatedly reported anxiety, depression, and a resultant inability to concentrate to his physicians and that he was prescribed medication for these mental conditions. *See, e.g.,* TR 689, 838, 2038, 2187. Because the ALJ did not discuss these conditions, the undersigned cannot determine whether the ALJ took them into account when evaluating the combined effect of Plaintiff's impairments.

As noted above, the ALJ has a duty to fully and fairly develop the administrative record in order to provide meaningful judicial review. *See Johnson*, 794 F.2d at 1111; *Hyatt Corp.* 939 F.2d at 367. Additionally, the Sixth Circuit has held that remand was required despite the existence of substantial evidence to support the ALJ's decision where the ALJ might have reached a different decision had he not misconstrued certain evidence and overlooked other evidence. *Uforma/Shelby Business Forms v. N.L.R.B.*, 111 F.3d 1284, 1292-1293 (6th Cir. 1997). Because the undersigned cannot determine with certainty that the ALJ properly

considered, evaluated, and weighed the evidence of Record, the undersigned cannot determine whether the ALJ's decision was supported by substantial evidence.[4]

### IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that this action be REMANDED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

_____<br>
JEFFERY S. FRENSLEY<br>
United States Magistrate Judge

---

[4] Because the undersigned recommends that this action be remanded for further development of the Record, the undersigned will not analyze Plaintiff's remaining statements of error.